The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> *Ex rel.* <br><br> JAMIE SIEGEL, M.D., <br><br> Plaintiff-Relator, <br><br> v. <br><br> NOVO NORDISK, INC., <br><br> Defendant. | Case No.: 3:23-cv-05459-BHS <br><br> **STIPULATION REGARDING CONDUCTING A VIRTUAL DEPOSITION OF DR. AMY SHAPIRO** |

Pursuant to Federal Rule of Civil Procedure 29(a), the parties agree to the following protocols regarding the virtual deposition of Dr. Amy Shapiro ("Deponent") in this matter:

**Virtual Deposition.** The deposition of a third-party witness, Dr. Amy Shapiro, will be conducted by a remote videoconference platform , as all parties and Dr. Shapiro agree.

The deposing party will disclose the name of the court reporting agency and virtual platform to be used at least one week in advance of the deposition, unless otherwise agreed. Login information will be provided to all parties no later than 24 hours prior to the start of the deposition.

STIPULATION REGARDING CONDUCTING A VIRTUAL DEPOSITION OF DR. AMY SHAPIRO
Case No. 3:23-cv-05459-BHS

McDermott Asan, PLLC
Logan Building
500 Union Street, Suite 909
Seattle, Washington 98101

1 **Physical Presence with Deponent.** The Deponent may be present with the Deponent's lawyer, in which case the Deponent and the Deponent's lawyer will each have their own computer with camera, and individual or shared audio feeds via microphone or telephone. A party and/or its lawyer(s) may also be in the same room with the Deponent, in which case each party and/or lawyer(s) will each have their own computer with camera.

**Conduct of Deponent.** While on the record the Deponent will not use any communication device other than those to facilitate the deposition. While on the record, the Deponent will not privately confer with anyone between a question and an answer except for determining the existence and questions of privilege. This stipulation does not govern the conduct of anyone while not on the record.

**Contact with the Deponent During a Virtual Deposition.** While on the record, no one will communicate with the Deponent outside of the video/audio stream. This includes, but is not limited to, instant messaging, text messaging, or any equivalent. In the event any such communications occur, the parties agree that the communications are discoverable.

**Technology Requirements.** The virtual deposition will be stenographically recorded and videotaped by a court reporter with real-time feed capabilities. The Deponent, the Deponent's lawyer, the questioning attorney, and any other party or party's attorneys in the room with the Deponent during the deposition must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition, and will allow themselves to be seen and heard at all times during the deposition.

Counsel for the Deponent shall be responsible for ensuring that the Deponent has access to the required equipment on the day of the deposition and that any equipment checks or tests (as instructed by the deposition services vendor) have been completed prior to the deposition. Noticing counsel are not responsible for the quality or functionality of the video and audio stream for the Deponent or other participants.

2

STIPULATION REGARDING CONDUCTING A
VIRTUAL DEPOSITION OF DR. AMY
SHAPIRO
Case No. 3:23-cv-05459-BHS

McDermott Asan, PLLC
Logan Building
500 Union Street, Suite 909
Seattle, Washington 98101

**Identification of Individuals in Attendance.** Every person attending the deposition shall be identified on the record at the commencement of the deposition or upon later entry permitted by the court reported. Persons attending by telephone must identify themselves by name and by telephone number. Under no circumstances may persons attend the deposition virtually in any manner without identifying themselves on the record at the commencement of the deposition or when admitted later by the court reporter.

**Conduct by Participants Appearing Virtually.** In addition to the provisions set forth above, each participant electing to participate remotely should attend from a quiet location. All attendees other than the Deponent, court reporter, deposing attorney, and objecting attorney will set their audio connection to mute to avoid unintentional noise.

**Exhibits.** The parties may mark and share exhibits using a court reporting agency's technology which facilitates the sharing and review of exhibits through chat and/or exhibit share features. The exhibits should be shared in such a way that allows the Deponent to increase the size of the exhibit and scroll through a multi-page exhibit so that the Deponent may review the entire document. Other methods of marking and sharing exhibits may be used upon agreement of the parties.

**Disruptions.** In the event the Deponent, the Deponent's lawyer, or the questioning attorney's video feed is interrupted or otherwise becomes hidden from view, the deposition will be suspended, and the parties will go back on the record only when that person's video stream functionality has been restored. Disruptions due to video streaming, phone line interruption, or other technical problems shall not be counted against record time.

**Court Reporter and Videographer.** The parties stipulate, in accordance with Federal Rules of Civil Procedure, that the court reporter or videographer (if noticed) may participate in the virtual deposition, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the Deponent, so long as that

STIPULATION REGARDING CONDUCTING A
VIRTUAL DEPOSITION OF DR. AMY
SHAPIRO
Case No. 3:23-cv-05459-BHS

McDermott Asan, PLLC
Logan Building
500 Union Street, Suite 909
Seattle, Washington 98101

1 officer is able to identify the Deponent. The court reporter will at all times have access to the
2 same interface as the witness.
3 **Other Recording.** No participant other than the court-reporting agency and videographer
4 (after appropriate notice) may record by video, photograph, or audio any of the proceedings. This
5 shall include recording using any form of virtual transmitting device, computer recording device,
6 laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones,
7 Blackberries, or other PDAs. Nothing in this provision prevents or limits the taking of notes by
8 those identified on the record.
9 This stipulation will be in effect until one of the parties provides notice of the need to
10 make changes to it and agreement is reached, or the court orders that the other procedures shall
11 apply.
12 **IT IS SO ORDERED THIS** 27th day of June, 2024

_____
BENJAMIN H. SETTLE
United States District Judge

STIPULATION REGARDING CONDUCTING A
VIRTUAL DEPOSITION OF DR. AMY
SHAPIRO
Case No. 3:23-cv-05459-BHS

McDermott Asan, PLLC
Logan Building
500 Union Street, Suite 909
Seattle, Washington 98101