UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel., <br><br> Plaintiff, <br><br> v. <br><br> NOVO NORDISK, INC., <br><br> Defendant. | CASE NO. CV23-5459 BHS <br><br> ORDER |

THIS MATTER is before the Court on plaintiff intervenor Washington State's motion to compel, Dkt. 328, and on defendant NNI's motion to compel, Dkt. 339. The discovery cutoff is October 28, and the trial date is February 25, 2025.

**A.     NNI's motion is GRANTED.**

NNI asks the Court to again compel Washington to respond to outstanding discovery, to identify and prepare its Rule 30(b)(6) deponents, and arrange for their depositions, and to prepare and produce a privilege log describing withheld documents that were created before this case was filed. Dkt. 339.

Washington responds that it is "working on" its interrogatory responses and seeks additional time[1] to respond. Dkt. 352 at 1. It does not contend that the discovery is objectionable or that it has already complied.

Washington's response to NNI's motion to compel a privilege log asserts that it has "provided responsive documents." *Id*. at 2 and 10. It asserts that it "will" continue to produce documents and will identify any privileged (or work product) material in a privilege log. *Id*. at 10. It does not address whether it has withheld documents on the basis of privilege, and it does not contend that it has produced a privilege log. There are less than two weeks until the discovery cutoff. Washington's argument that the Court should deny NNI's motion as "unripe" is unpersuasive. Its request that the Court to refer the case to a Magistrate Judge to resolve the remaining outstanding discovery disputes, Dkt. 352 at 10–11, is **DENIED**; it would be impractical and unfair to ask a new set of eyes to start from scratch on this case and attempt to resolve these issues before the October 28 discovery cutoff.

NNI's motion to compel interrogatory answers and a privilege log is **GRANTED**, and Washington shall answer the outstanding discovery, and produce a privilege log, within **14 days**, notwithstanding the October 28 deadline.

Washington argues that NNI's 51-topic Rule 30(b)(6) deposition notice[2] is overbroad and unduly burdensome, and denies that it ever agreed to prepare and produce

---

[1] The Court recently granted Washington's request for a 21-day extension regarding other discovery responses, over NNI's objection. Dkt. 357.

[2] NNI demonstrates that Washington instructed it to serve it Rule 30(b)(6) notices on both DSHS and HCA. Dkt. 340 at 23. Washington's current claim NNI delayed its preparations by

witnesses to testify on those topics. *Id*. at 1. It suggests that it has not begun preparing witnesses, and that parties are continuing to refine the Rule 30(b)(6) topics. *Id*. at 6. It moves for a protective order narrowing the topics and setting specific time limits. *Id*. Washington does not propose the terms of such an order, describe specifically which topics are overbroad, or propose the "time limits" it asks the Court to impose. Its cross-motion for a protective order is therefore **DENIED**.

NNI first served its Rule 30(b)(6) deposition notice on July 3. Dkt. 340 at 5–15. The topics covered have apparently been the subject of several subsequent meet and confers, including on September 12. On September 13, NNI sent a letter summarizing what it contends was the resulting agreement. Dkt. 340 at 53–63. Washington responded by email[3] four days later, informing NNI that there may be a need for "additional discussion about narrowing the scope of the 30(b)(6) topics. *See proposed draft*." Dkt. 340 at 65 (emphasis in original).

NNI argues that Washington's response reneged on the September 12 agreement. Dkt. 339 at 3. Washington contends that its choice to "ignore" NNI's September 13 letter is not evidence that it agreed with its summary, Dkt. 352 at 5 n.3. But Washington plainly did not ignore the letter; whether it had a "legal obligation" to do so or not, Dkt. 352 at 5, Washington did respond to it. Dkt. 340 at 65–77. Its response, and its proposed revisions

---

unnecessarily or perhaps improperly serving both agencies is not persuasive. Its assertion that DSHS has "no knowledge relevant to this case" appears to be inconsistent with its prior positions about which agency oversaw Washington's Medicaid program during a portion of the relevant time period. Dkt. 352 at 1 n.1; *Id*. at 4 n.2.

[3] Washington's email also asserted that Washington's HCA and DSHS are "non-parties to the litigation." Dkt. 340 at 65.

to NNI's Rule 30(b)(6) notice, did not raise the issues it now claims remain outstanding. Instead, the issues addressed by Washington's "proposed draft" revisions to NNI's notice were *minor*. They included primarily deleting Topics 7 (communications between HCA or DSHS and the Attorney General's office) and 45 (medical literature and articles referenced in Washington's third amended complaint).

Washington now claims that the entire notice is overbroad and unduly burdensome, citing as examples Topics 2, 7, 8, 9, 11, 35, 37, and 38. Dkt. 352 at 4. It reiterates that Topic 7 (discussed above) seeks privileged information. It argues that Topic 9 improperly seeks the content of specific communications, which is not a proper Rule 30 (b)(6) inquiry. *Id*. at 7 n.4. And it argues that Topic 35 (regarding investigations and audits regarding any Washington Medicaid beneficiary's use of NovoSeven or FEIBA) would require multiple witnesses[4] and many hours of preparation time. Dkt. 351 at 7–8. Washington argues that since NNI will not have deposition time to ask its Rule 30(b)(6) deponents questions about all 51 topics, it would be a waste of time for Washington to prepare its witnesses to testify about them.

The Court need not resolve the factual skirmish over whether Washington agreed to the topics in NNI's Rule 30(b)(6) notice to resolve the motion. The State's newly-minted objections to the deposition topics come far too late, and are not persuasive. Topic 35, for example, goes to the heart of NNI's defense to Washington's $100 million plus

---

[4] Washington already informed NNI that it would be required to produce "multiple" Rule 30(b)(6) deponents, and NNI contends without rebuttal that it told NNI it would designate as many as eight such witnesses. Dkt. 358 at 4–5.

claim against it. It is not unduly burdensome to force a plaintiff to permit discovery into issues that are a core part of her case.

Washington asserts that some of NNI's Rule 30(b)(6) topics will implicate privileged communications, but it has apparently not created or produced a privilege log. NNI correctly points out that Washington can assert the privilege at the deposition.[5] Dkt. 358 at 5. Washington asks the Court to narrow the topics, but does not articulate how it should do so, and it does not claim that it articulated to NNI how its topics should be narrowed, beyond its September 17 email. Dkt. 352 at 6.

NNI's motion to compel, Dkt. 339, is **GRANTED**. Its request for attorneys' fees is **DENIED**, but that will not be the case if the Court is forced to grant a similar motion in the future.

**B.   Washington's motion is DENIED without prejudice.**

Washington asks the Court to compel NNI to "de-designate" older documents it claims NNI improperly designated as "confidential" under the parties' Amended Protective Order. Washington argues, and its 1900-page filing seems[6] to support, that NNI made "blanket" confidentiality designations, adversely impacting Washington's ability to file evidence in open court. Dkt. 328.

NNI asserts that the Local Rules, the agreed-upon ESI protocol, and the parties' protective order (Dkts. 161 and 313 (amended)), outline procedures for challenging such

---

[5] Both parties should be judicious in invoking the attorney-client privilege at depositions. Incorrect assertion of the privilege could lead to a second deposition, with sanctions imposed.

[6] The Court has not read the entire submittal.

designations, and Washington has not followed them. Dkt. 342 at 4. It argues that the challenges are waived.

NNI's assertion that Washington itself seeks "blanket" *de*-designation is accurate. The Court will not go through the designations one by one, just as Washington's filing does not go through them one by one. It does broadly agree with Washington that blanket confidentiality designations are improper. Dkt. 328 at 4. Whether these documents should remain confidential when they are submitted in support of or in opposition to a motion, or at trial, will need to be addressed when they are so offered. Short of that, the Court cannot adjudicate the propriety of any particular document's confidentiality designation under the Rules or under the protective order.

It is not productive to litigate confidentiality designations in the closing days of discovery when substantive discovery remains to be completed. Washington's motion to compel NNI to de-designate confidential documents is **DENIED** without prejudice to raise again in connection with a specific document related to a proposed filing, or at trial.

Finally, Washington asks the Court to compel NNI to produce about 100 documents reflecting communications with non-employees that Washington contends NNI is improperly asserting are protected from disclosure by the attorney-client privilege. Dkt. 328 at 3.

Washington first raised an attorney-client privilege issue in a May 23, 2024, letter to NNI's counsel. Dkt. 332-1 at 4–5. Washington identified 28 documents that NNI had identified and either redacted or declined to produce, asserting they did not appear to be privileged. NNI contends and demonstrates that it withdrew the privilege claim as to 14

1 | of those documents, and produced them. Dkt. 342 at 4–6, 12. NNI contends that
2 | Washington had not previously raised privilege concerns with it on remaining documents
3 | that it now asks the Court to compel NNI to produce unredacted. *Id*. It contends that only
4 | four of the documents Washington identified in May remain in dispute in Washington's
5 | motion. It argues that the documents are privileged because the recipients or authors were
6 | independent contractors who were the functional equivalent of an NNI employee, for
7 | attorney-client privilege purposes. *See United States v. Graf*, 610 F.3d 1148, 1158–59
8 | (9th Cir. 2010).

9 | Washington disagrees. It suggests that the Court conduct an *in camera* review of
10 | the disputed documents. The Court agrees that it cannot resolve Washington's motion or
11 | NNI's claim that some of the information is privileged in a vacuum. NNI shall produce
12 | for *in camera* review hard, unredacted copies of each of the documents identified in
13 | Washington's motion, including the four identified in NNI's response. Dkt. 342 at 12–13.
14 | It should do so within 7 days.

15 | **IT IS SO ORDERED**.

16 | Dated this 17th day of October, 2024.

BENJAMIN H. SETTLE
United States District Judge