UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel.,<br><br>Plaintiff,<br><br>v.<br><br>NOVO NORDISK, INC.,<br><br>Defendant. | CASE NO. C23-5459 BHS<br><br>ORDER |

THIS MATTER is before the Court on the parties' motions to seal various exhibits filed in connection with their dispositive and *Daubert* motions. Three of defendant Novo Nordisk Inc.'s (NNI's) motions, Dkts. 388, 429, and 456, are unopposed, and they are **GRANTED**. The various exhibits described in those three motions shall **remain under seal**.

The remaining motions are plaintiff Washington's motions to file under seal documents that NNI has designated confidential under the parties' Protective Order, Dkt. 161, placing the Local Rule 5(g) burden of establishing the need for a sealed filing on NNI, the non-moving, designating party. The issues are addressed in turn.

**A.     Washington's motion re: its own summary judgment motion.**

Washington's motion to seal its own motion for partial summary judgment, Dkt. 390, asserts that NNI designated as confidential almost all the documents it has produced, as well as a significant portion of all depositions taken. Dkt. 390 at 2. It suggests that NNI's designations are improper and asks the Court to evaluate whether the exhibits should be filed under seal. *Id*. The exhibits at issue are described in the Matt Kuehn Declaration, Dkt. 394, and filed under seal at Dkts. 395–401. They are also referenced or quoted in Washington's motion for partial summary judgment, Dkt. 391.

NNI's response correctly contends that LCR 5(g)(1)(A) requires a party to meet and confer before filing a motion to seal, to explore whether the designating party will withdraw the designation and thus avoid a series of motions to seal. Dkt. 407 at 2. It contends that Washington and Siegel failed to meet and confer before filing its motion. *Id*.

The purpose of the meet and confer requirement[1] is to save the parties the cost and effort of litigating issues that are not actually in dispute, and to save the Court from having to adjudicate them. NNI asserts that if the parties had met and conferred, most of the documents could have been filed publicly in their entirety, or with minimal redactions. *Id*. at 6.

The parties and the Court agree that when "deciding a motion to seal, courts 'start with a strong presumption in favor of access to court records.'" *Cent. Freight Lines, Inc.*

---

[1] For the same reason, Local Rule 7(d)(5) imposes a similar meet and confer requirement on motions in limine.

1 | *v. Amazon Fulfillment Servs.*, No. C17-08114 (JLR), 2019 WL 5103311, at *1 (W.D.
2 | Wash. Oct. 11, 2019) (citation omitted). "This presumption, however, is not absolute and
3 | can be overridden given sufficiently compelling reasons for doing so." *Id.* (internal
4 | quotation marks and citation omitted). When "the sealed documents at issue . . . are
5 | attached to motions that are more than tangentially related to the merits" of the case, the
6 | Court applies the "compelling reasons" standard to determine whether sealing is
7 | appropriate. *Id.* (internal citation omitted).
8 | These "compelling reasons" must be "supported by specific factual findings that
9 | outweigh the general history of access and the public policies favoring disclosures[.]"
10 | *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citation
11 | and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh
12 | the public's interest in disclosure and justify sealing court records exist when such 'court
13 | files might have become a vehicle for improper purposes,' such as the use of records to
14 | gratify private spite, promote public scandal, circulate libelous statements, or release
15 | trade secrets." *Id*. at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598
16 | (1978)). *See* Dkt. 439 at 2.
17 | NNI does not object to the unredacted public filing of Exhibits 4, 6, 8, 9, 13, 16,
18 | 17, 19, 20, 22, 24, 26, 40, 41, 42, 44, 45, 46, 49, 51, 62, 63, 64, 65, 66, 68, 69, and 70 to
19 | the Kuehn declaration. *Id*. Accordingly, these documents should be **filed openly**.
20 | NNI contends that another subset of the Kuehn Exhibits reflects third party names
21 | or health information, and can be filed publicly if that information is redacted. These are
22 |

Exhibits 1, 7, 18, 25, 30–38, 39, 47, 48, 50, 53, 55, 56, 59, 60, and 61 to the Kuehn Declaration, Dkt. 384. Dkt. 407 at 7–8.

Washington did not reply to NNI's response, making NNI's position unopposed. The Court agrees that Washington should file these documents publicly with the described personal information **redacted**.

NNI also contends without rebuttal that documents reflecting sensitive and confidential information in including patient records and its own business strategies should continue to be filed under seal. It contends that Exhibits 2, 3, 5, 10, 11, 12, 14, 15, 21, 28, 43, 52, 54, 57, 67, 71, 72, 73, and 74 to the Kuehn Declaration reflect such business strategies, and asks the Court to maintain them under seal in their entirety. Dkt. 407 at 4–5. It argues that Exhibits 27 and 58 similarly reflect the confidential terms upon which it is willing to contract with third parties, and asks the Court to maintain those exhibits under seal. *Id.* And it asserts that Exhibit 29 (the deposition of Patient A's mother) should be filed under seal. In the absence of a reply, the Court agrees that these documents shall remain **filed under seal**.

Washington shall revise its filings at Dkts. 391 and 395–401 consistent with this Order. Washington's motion to seal, Dkt. 390, is to this extent, **GRANTED**.

***

Washington's remaining motions to seal are at least partly contested. Unsurprisingly, the parties agree that Exhibits reflecting third party health records should be redacted. The parties should file such Exhibits **under seal** (and openly in **redacted** form) without a motion in this case.

ORDER - 4

1    Washington argues the remaining exhibits should filed openly, while NNI asks the
2 Court to maintain the sealed filing.

3 **B.    Washington's motion re: *Daubert* filings**

4    Washington's motion to seal at Dkt. 411 relates to whether the documents in
5 support of four of its *Daubert* motions should remain under seal. It asks the Court to keep
6 its "motions to exclude the testimony of Dr. Anupam B. Jena, Dr. Marilyn Manco-
7 Johnson, Michael Tarantino, and Nicholas J. Janiga, and their supporting documentation,
8 under seal until all interested parties have had an opportunity to address this matter." *Id*.
9 at 3.

10    NNI reiterates that some of the documents in Washington's filings should be filed
11 under seal or redacted because they reflect sensitive third-party health, tax, or other
12 information, or NNI's own confidential, sensitive, competitive business strategies. Dkt.
13 439.

14    Specifically, it argues that the following exhibits reflect confidential business
15 information, including the terms upon which NNI is "willing to deal with third parties,"
16 and should be filed under seal in their entirety:

| McDermott Decl. Re: Jena (Dkt. 414) | McDermott Decl. Re: Manco-Johnson (Dkt. 422) | McDermott Decl. Re: Janiga (Dkt. 424) |
|---|---|---|
| • Exhibit 4<br>• Exhibit 5<br>• Exhibit 7<br>• Exhibit 18<br>• Exhibit 28<br>• Exhibit 30<br>• Exhibt 35<br>• Exhibit 40<br>• Exhibit 41<br>• Exhibit 44<br>• Exhibit 47 | • Exhibit 3<br>• Exhibit 4 | • Exhibit 1<br>• Exhibit 2[2]<br>• Exhibit 5<br>• Exhibit 6<br>• Exhibit 7<br>• Exhibit 12 |

Dkt. 439 at 5.[2]

    Washington argues that these Exhibits are all at least ten years old and that while they may reveal NNI's business strategies, those strategies and practices are the core of its case. It argues, persuasively, that NNI has not established a compelling reason for the confidentiality of this stale and relevant information; it does not reveal business strategies

---

[2] The footnote on "Exhibit 2" to Dkt. 424 explains that this is the Janiga Report itself, which NNI contends contains a comprehensive discussion of NNI's third party agreements in conducting a fair market analysis. Dkt. 439 at 5 n.2. NNI has not demonstrated that the Report reveals sensitive information that is reasonably likely to be useful to an adversary other than the plaintiffs.

that are not already at issue in this case. The Court agrees that the exhibits may reflect culpability, but not "commercially sensitive," trade secret, or unnecessarily embarrassing information. The documents in the table above may be **filed openly**.

The next set of disputed exhibits are documents that NNI contends reflect private third party medical (and, in Exhibit 11, tax) information:

| Basis for Sealing: | McDermott Decl. Re: Jena (Dkt. 414) | McDermott Decl. Re: Tarantino (Dkt. 420) | McDermott Decl. Re: Janiga (Dkt. 424) |
|---|---|---|---|
| Third-party health: | • Exhibit 2<br>• Exhibit 19<br>• Exhibit 26 | • Exhibit 1 | |
| Third-party privacy | | | • Exhibit 11 |

Dkt. 439 at 6.

Washington does not dispute NNI's assertion that Exhibits 2, 19 and 26 to Dkt. 414 include third parties' medical information and should be sealed. Dkt. 448 at 5. These documents shall **remain under seal**.

Exhibit 1 to Dkt. 420 is Dr. Tarantino's Corrected Report, and Exhibit 11 to Dkt. 424 is a detailed itemization of a third party's taxes. NNI's response does not address Tarantino's report. Dkt. 439 at 6. Washington asserts, correctly, that there is no basis to seal the Tarantino Report other than to redact any patient identifying information. Dkt. 448 at 5. Washington shall redact that information, and file the **redacted Exhibit 1 openly**.

On the other hand, Exhibit 11 is exclusively a nonparty's private, plainly confidential tax information. Washington's request that it redact everything other than

money the nonparty received "from NNI or publisher Blackwell" is vague and not readily apparent from a review of the document. **Exhibit 11 shall remain under seal**.

The dispute over the final set of Exhibits involves documents NNI contends reflect third party health information, third party privacy, and NNI's confidential business information:

| Basis for Redactions: | McDermott Decl. Re: Jena (Dkt. 414) | McDermott Decl. Re: Manco-Johnson (Dkt. 422) | McDermott Decl. Re: Janiga (Dkt. 424) |
|---|---|---|---|
| Third-party health: | • Exhibit 1<br>• Exhibit 20<br>• Exhibit 21<br>• Exhibit 22<br>• Exhibit 23<br>• Exhibit 24<br>• Exhibit 25<br>• Exhibit 29<br>• Exhibit 38<br>• Exhibit 39 | | |
| Third-party privacy | • Exhibit 3<br>• Exhibit 6<br>• Exhibit 10<br>• Exhibit 12<br>• Exhibit 14<br>• Exhibit 29<br>• Exhibit 36<br>• Exhibit 37<br>• Exhibit 42<br>• Exhibit 45<br>• Exhibit 46 | • Exhibit 5<br>• Exhibit 6<br>• Exhibit 7<br>• Exhibit 8 | |
| Confidential business | • Exhibit 31<br>• Exhibit 33<br>• Exhibit 43 | | • Exhibit 9 |

1  Dkt. 439 at 7. The parties agree that the submitting party, Washington, should **redact** this
2  information from the first row of documents in this table ("third party health"), and the
3  Court so Orders. *See* Dkt. 448 at 8. Such redactions should be made as a matter of course
4  going forward.

5  NNI also asks the Court to order the redaction of third (non-)party phone numbers
6  and email addresses ("third party privacy"). Dkt. 429 at 8. Washington does not discuss
7  this subset of exhibits specifically, but contends generally and accurately that the mere
8  fact that a document may be embarrassing or incriminating is alone not enough to support
9  sealing such documents. Dkt. 448 at 7. It argues that NNI "provides no factual basis to
10 redact anything other than a patient's name, contact information, or social security
11 number[.]" *Id*. at 6. The Court Orders the **redaction** of third-party phone numbers and
12 email addresses or at least domains, as reflected in the exhibits in second row of the table.

13 NNI has not demonstrated that the amount of compensation paid to third parties
14 ("confidential business information") should be sealed from public access, and the
15 exhibits in the third row of the table may be **filed openly.** Washington's motion to seal,
16 Dkt. 411, is, to this extent **GRANTED**.

17 **C.    Washington's motion re: its opposition to NNI's summary judgment motion.**
18 Washington's motion to seal, Dkt. 431, seeks to impose on NNI the Local Rule
19 5(g) burden of justifying its confidential designation as to about 60 documents
20 Washington referenced in its corrected opposition, Dkt. 438, to NNI's summary judgment
21 motion, Dkt. 386, and filed under seal at Dkts. 433-1 and 433-1.

1    This dispute involves different exhibits, but they fall into the same three
2 categories. The parties appear to agree that Exhibits 8, 30, 64, and 69 to the Kuehn
3 Declaration, filed under seal at Dkt. 433-1 and 433-2, reflect third party health records
4 and should **remain under seal**. The Court so Orders.
5    Other Exhibits in the first category—third party health records—shall be **redacted**
6 to conceal identifying information, with an unredacted version filed under seal. The
7 parties' lists of documents in this and other categories are not consistent, but Washington
8 identifies these as Exhibits 11, 13, 16, 31, 33, 35, and 71 to the Kuehn Declaration at Dkt.
9 432. NNI adds Exhibits 65, 67, and 73 to this category. Dkt. 447 at 6–7. Washington's
10 Reply adds Exhibit 8. Dkt. 451 at 5. Washington shall file **redacted versions** of these
11 Exhibits publicly, along with unredacted versions under seal. Again, this should be done
12 as a matter of course, and need not be the result of a disputed motion to seal.
13   The parties also appear to agree that some documents in the second category—
14 Exhibits invading "third party privacy"—should be redacted to conceal third party phone
15 numbers and emails. These are Exhibits 2, 5, 12, 15, 18, 21, 22, 24, 25, 44, 46, and 52 to
16 the Kuehn declaration at Dkt. 432 (filed under seal at Dkts. 433-1 and 433-1).
17 Washington shall **file redacted versions** of these Exhibits publicly, along with
18 unredacted versions under seal.
19    The remaining third category of Exhibits—confidential business information—is
20 again the only truly disputed issue.
21    Washington's motion asserts that it "agrees with Novo's proposal," Dkt. 431 at 1
22 and 3, and asks the Court to "allow public filing" of the following Exhibits:

| Exhibit No. | Bates No. |
|---|---|
| 8 | NNICID-0001461 |
| 10 | (from Excerpts of) NNICID-0001310; NNICID-0001837; NNICID-0001461 |
| 17 | NNICID-0115261 |
| 23 | NNISiegel_0035422 |
| 30 | MHS_00013705 |
| 32 | NNICID-0006783 |
| 34 | NNICID-0013567 |
| 39 | NNICID-0148070 |
| 40 | NNICID-0187042 |
| 42 | NNICID-0195819 |
| 50 | NNICID-0799319 |
| 51 | NNICID-0816477 |
| 53 | NNICID-0993534 |
| 55 | NNICID-1262778 |
| 57 | NNISiegel_00069229 |
| 58 | NNISiegel_00072906 |
| 59 | NNISiegel_00073031 |
| 60 | NNiSiegel_00073048 |
| 62 | RXC-SIEGEL0000266 |
| 69 | MHS_00013925 |

Dkt. 431 at 3. It is not clear what NNI "proposal" Washington agrees with, but NNI opposes the public filing of most of the documents on this list, as well as others not on

Washington's list. It argues that Exhibits 17, 23, 32, 34, 37, 39, 40, 42, 50, 51, 53, 54, 55, 56, 57, 58, 59, 60, 62, 66 and 74 contain competitively sensitive information including the terms upon which it is willing to business with third parties. It asks the Court to keep these documents under seal. Dkt. 447 at 4–5 and 7.

Washington's Reply again emphasizes the documents are all more than ten years old and that NNI has not supported its position with any facts. It agrees that Exhibit 23 should be redacted, but otherwise asks the Court to permit it to openly file Exhibits 10, 17, 32, 34, 39, 40, 42, 50, 51, 53, 55, 56, 57, 58, 59, 60, and 62. Dkt. 451 at 5.

The Court again concludes the stale agreements going to the heart of the plaintiffs' claims do not warrant sealing. Any remaining competitive sensitivity is outweighed by the public's interest in access to court information. These documents may be **filed openly**. Washington's motion to seal, Dkt. 431 is, to this extent, **GRANTED**.

**D.    Washington's motion re: its reply in support of summary judgment.**

Washington's motion to seal, Dkt. 454, seeks to impose on NNI the burden of justifying its confidential designation as to Exhibits 18, 20, and 22 to the Kuehn Declaration, Dkt. 453, in support of Washington's reply, Dkt. 452, in support of its own summary judgment motion, Dkt. 391. These exhibits are NNI's internal communications, deliberations, and presentations.

NNI's Response asserts that these Exhibits, like similar documents discussed above, contain competitively sensitive information, and should be sealed. It adds that Exhibit 1 should be sealed because it contains patient information, and asks the Court to

order redaction of Exhibits 3, 4, 8, 9, 12, 14, 15, 17, 19, 21, 23, 24, 25, and 26. Dkt. 473 at 5–6.

The three exhibits identified in Washington's motion shall be **filed openly**. The additional exhibits identified in NNI's response shall be **redacted** to exclude personally identifying information. Washington's motion to seal, Dkt. 454 is, to this extent, **GRANTED**.

E.   **Washington's motion re: its *Daubert* replies.**

Washington's final contested motion to seal, Dkt. 467, seeks to impose on NNI the Local Rule 5(g) burden of justifying its confidential designation as to the exhibits Washington referenced in its replies in support of its *Daubert* motions.

NNI's Response identifies only three exhibits that should be sealed. It asserts that Exhibit 1 to the McDermott Declaration, Dkt. 472, which is a 2009 email attaching NNI's publication strategy and plan for 2009–2010, reflects precisely the sort of confidential business information that overcomes the public's right of access to court filings and proceedings. Dkt. 474 at 4. Washington does not reply regarding this exhibit but like the documents discussed above, it is stale and NNI has not established that its sensitive nature outweighs the presumption that such filings are to be public. Exhibit 1 may be **filed openly**.

The parties agree Exhibit 4 can be filed publicly if the private contact information is **redacted**. The Court so Orders.

Exhibit 6 is an excerpt from Tarantino's deposition. Dkt. 476 at 1. NNI urges the Court to order redaction of compensation paid to Tarantino from entities other than NNI.

Dkt. 474. Washington responds that that income is reflected publicly, already, as payment from a non-profit corporation and the University of Illinois. The Court agrees that there is an insufficient showing that the information is confidential or otherwise subject to concealment. The document may be **filed openly**.

NNI takes no position on the remaining documents attached to the McDermott Declaration, and Washington may **file them openly**. Washington's motion to seal, Dkt. 467, is, to this extent, **GRANTED**.

***

The Court acknowledges that Local Rule 5(g)'s process for sealing filings is inefficient and cumbersome. But it is nevertheless counterproductive for every filing in this case to be accompanied by its own side litigation over the propriety of confidential designations. The parties shall not file such motions without having first complying with the Local Rules' meet and confer requirement, and even then, they need not litigate the appropriate level of protection required or warranted for every proffered exhibit. None of these disputes go to the merits of this case, and each takes an unreasonable amount of limited judicial resources to resolve.

To be clear: the Court will require, and permit without motion, redactions of any nonparty medical records or other identifying information. NNI has not demonstrated that its stale agreements and correspondence with Key Opinion Leaders and other vendors are sensitive enough to overcome the presumption of public access. Unless there is a specific reason that a specific document should be sealed or redacted, such documents may be

filed openly. The parties shall identify any such documents when they meet and confer, which they shall do before filing any additional motions to seal.

This case and its plentiful substantive filings raise ample, significant legal issues. There is no benefit to creating additional, unnecessary work for each other, or the Court. The parties shall endeavor to agree on sealing or redacting future filings consistent with this Order, and refrain from repeating the inefficient and time-consuming approach reflected in this Order and the numerous filings leading to it.

**IT IS SO ORDERED**.

Dated this 2nd day of June, 2025.

_____
BENJAMIN H. SETTLE
United States District Judge