UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | CASE NO. C23-5459 BHS |
| Plaintiffs, | ORDER |
| *Ex rel.*, | |
| JAMIE SIEGEL, M.D., | |
| Plaintiff-Relator, | |
| v. | |
| NOVO NORDISK, INC., | |
| Defendant. | |

THIS MATTER is before the Court on plaintiffs Siegel and Washington's motion to exclude the testimony of defendant Novo Nordisk's expert witness, Dr. Anupam Jena, Dkt. 413.

Jena is a medical doctor who also has a Ph.D. in economics. His area of expertise is the "economics of physician behavior (including the role of information in shaping

ORDER - 1

physician behavior), the economics of health care productivity, the economics of medical innovation, and the use of large-scale data and natural experiments to study questions at the intersection of health and economics, with a focus on casual inference." Dkt. 414-38 at 5. He broadly opines that NNI's "alleged publication strategy" did not cause the submission of false claims for NovoSeven. Jena's detailed proposed opinions are in his Report, Dkt. 414-38.

Washington does not challenge Jena's credentials or expertise, but it does argue that his "causation" opinions are not admissible because (1) they are based on insufficient or mis-stated facts; (2) his methodology is unreliable because though he is not an expert on the independence of medical publications, he makes "assumptions" about the integrity of the publications at issue, while ignoring other evidence particular to the publications and strategies at issue; (3) he opines about areas of medicine and reimbursement that are outside his expertise; and (4) he opines about the law of causation, a matter better left for jury instructions. Dkt. 413 at 1–2.

A qualified expert may testify in the form of an opinion or otherwise only if the proffered testimony is both relevant and reliable. Fed. R. Evid. 702; *Teradata Corp. v. SAP SE*, 124 F.4th 555, 566 (9th Cir. 2024) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)).

Rule 702 and *Daubert* impose on the district court a "gatekeeping" duty to ensure that opinion testimony is relevant and reliable, and an expert's opinion should be excluded if it does not have a reliable foundation or if it is not based in the knowledge and experience of the relevant discipline. *Sonneveldt v. Mazda Motor of Am., Inc.*, 2024

1   U.S. App. Lexis 32836, *3 (9th Cir. Oct. 21, 2024) (citing *Primiano v. Cook*, 598 F.3d
2   558, 564-65 (9th Cir. 2010)). "Expert opinion testimony is relevant if the knowledge
3   underlying it has a valid connection to the pertinent inquiry. And it is reliable if the
4   knowledge underlying it has a reliable basis in the knowledge and experience of the
5   relevant discipline." *Surgical Instrument Serv. Co. v. Intuitive Surgical, Inc.*, 2024 U.S.
6   Dist. Lexis 81690, *5 (N.D. Cal. March 31, 2024) (quoting *Alaska Rent-A-Car, Inc. v.
7   Avis Budget Grp., Inc.*, 739 F.3d 960, 969 (9th Cir. 2013). When an expert meets the Rule
8   702 threshold "the expert may testify and the jury decides how much weight to give that
9   testimony." *Primiano*, 598 F.3d 558 at 565.

10         Washington concedes that, as a general rule, an expert opinion is not objectionable
11  simply because it embraces an ultimate issue to be decided by the trier of fact. Dkt. 413.
12  at 11 (citing Fed. R. Evid. 704(a)). But it argues persuasively that an expert cannot opine
13  as to a legal conclusion, or to the ultimate issue of law; instructing the jury on the
14  applicable law is the Court's distinct and exclusive province. *Id*. (citing *Nationwide
15  Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1058 (9th Cir. 2008); and *Pelican Int'l,
16  Inc. v. Hobie Cat Co. II, LLC*, 655 F. Supp. 3d 1002, 1031 (C.D. Cal. 2023) ("It is well-
17  established that an expert witness may not explain the law to the jury or tell the jury how
18  to apply the law to the facts of the case. . . . Thus, expert testimony must be
19  circumscribed carefully to ensure that the expert does not usurp . . . the role of the trial
20  judge in instructing the jury as to the applicable law.") (internal quotations and citations
21  omitted)).

22

The Court has read Jena's Report and the briefing on Washington's *Daubert* motion to exclude his testimony. It concludes that Jena is qualified to opine on the bulk of topics in his Report, including the reliability of peer-reviewed publications. He has sufficient expertise and experience in the field of physician behavior in connection with writing prescriptions to set out the many factors that can influence treating physicians in their selection of pharmaceuticals to prescribe for their patients[1]. Jena's testimony will be largely permitted because he is a qualified expert in the fields of medicine and economics through education, training, experience, knowledge, and skill, his Report is based on sufficient facts or data, and his opinions are the product of the reliable application of principles and methods.

In short, most of Washington's arguments go to the weight, not the admissibility, of Jena's opinions, and the points it raises will be made through vigorous cross-examination.

However, Jena will not be permitted to opine on the ultimate legal conclusion that the physicians who prescribed NovoSeven did not do so because of the inducements and benefits NNI extended to those them or their patients. Washington's motion to exclude Jena's opinion testimony, Dkt. 413, is to this extent **GRANTED**. It is otherwise **DENIED**.

**IT IS SO ORDERED**.

//

---

[1] Jena will not be permitted to opine that NNI's "publication strategy" did not result in physicians prescribing NovoSeven.

1    Dated this 2nd day of July, 2025.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5