UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>Plaintiffs,<br><br>*Ex rel.*,<br><br>JAMIE SIEGEL, M.D.,<br><br>Plaintiff-Relator,<br><br>v.<br><br>NOVO NORDISK, INC.,<br><br>Defendant. | CASE NO. C23-5459 BHS<br><br>ORDER |

THIS MATTER is before the Court on plaintiffs Siegel and Washington's motion to exclude the testimony of defendant Novo Nordisk Inc. (NNI)'s expert witness, Mr. Joshua Slen, Dkt. 417.

Slen is a healthcare consultant with a Masters in Public Administration. He has had decades of experience in the administration and consultation of healthcare programs,

ORDER - 1

has extensive knowledge about state administered Medicaid programs, and is knowledgeable about the governing and regulatory frameworks of several states. He has expertise in utilization management, and understands how states (including Washington) approve drugs generally and for off-label uses. Slen's expert report, titled "Preliminary Report on Medicaid Drug Utilization Tools," describes state Medicaid programs' practices relating to the on- and off-label utilization of prescription drugs. Dkt. 409 at 31.

Washington argues Slen's testimony improperly consists of legal conclusions and is irrelevant because it relates to pre-authorization utilization management tools that Washington could have used. Dkt. 417 at 3–5. It also contends Slen is not an expert on Medicaid fraud and kickback schemes. *Id.* at 2.

A qualified expert may testify in the form of an opinion or otherwise only if the proffered testimony is both relevant and reliable. Fed. R. Evid. 702; *Teradata Corp. v. SAP SE*, 124 F.4th 555, 566 (9th Cir. 2024) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). Rule 702 and *Daubert* impose on the district court a "gatekeeping" duty to ensure that opinion testimony is relevant and reliable, and an expert's opinion should be excluded if it does not have a reliable foundation or if it is not based in the knowledge and experience of the relevant discipline. *Sonneveldt v. Mazda Motor of Am., Inc.*, 2024 U.S. App. Lexis 32836, *3 (9th Cir. Oct. 21, 2024) (citing *Primiano v. Cook*, 598 F.3d 558, 564-65 (9th Cir. 2010)). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Surgical Instrument Serv. Co.*

1  *v. Intuitive Surgical, Inc.*, 2024 U.S. Dist. Lexis 81690, *5 (N.D. Cal. March 31, 2024)
2  (quoting *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 739 F.3d 960, 969 (9th Cir.
3  2013). When an expert meets the Rule 702 threshold, "the expert may testify and the jury
4  decides how much weight to give that testimony." *Primiano*, 598 F.3d 558 at 565.

5      Slen has sufficient expertise and experience in the field of Medicaid
6  reimbursement for drugs used for on- and off-label purposes and the regulatory
7  framework surrounding their approval. His testimony will be largely permitted because
8  he is a qualified expert in the field of healthcare administration through education,
9  training, experience, knowledge, and skill, his report is based on sufficient facts or data,
10 and his opinions are the product of the reliable application of principles and methods.

11     The jury may find Slen's extensive knowledge and experience helpful. His
12 explanations of the regulatory environment may assist the jury in understanding the
13 complexity and technicalities of Medicaid utilization management. However, the Court
14 concludes that any testimony regarding utilization management tools that could have
15 been, but were not, used by the State of Washington's Health Care Authority has no
16 relevance and could confuse the jury. Any such testimony is therefore unfairly prejudicial
17 to the plaintiffs. Fed. R. Evid. 403. Slen's testimony shall be limited to describing the
18 regulatory framework to what is applicable to the plaintiffs' case. The Court will
19 carefully assess the extent to which Slen's testimony adds information irrelevant to this
20 case. The Court expects Slen's testimony on these matters will take less than one hour,
21 followed by a short cross-examination.

22

1    Washington's motion to exclude Slen's opinion, Dkt. 417, is to this extent

2    **GRANTED**. It is otherwise **DENIED**.

3        **IT IS SO ORDERED**.

5    Dated this 9th day of July, 2025.

                                              BENJAMIN H. SETTLE
                                              United States District Judge