The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　　Plaintiff,<br>　　　　　　*Ex rel.*<br><br>JAMIE SIEGEL, M.D.,<br><br>　　　　　　Plaintiff-Relator,<br><br>　　v.<br><br>NOVO NORDISK INC.,<br><br>　　　　　　Defendant. | No. 3:23-cv-05459-BHS<br><br>**JOINT SUBMISSION FOLLOWING PRETRIAL CONFERENCE** |

As directed during the October 6, 2025 Pretrial Hearing and by the Court's Order (Dkt. 547), the parties submit the following proposals for the Court's consideration:

**I.    Jury Questionnaire**

The parties have revised the jury questions consistent with the Court's directive and have separately filed an amended joint proposed written questionnaire. The parties also propose the following supplemental questions for the Court's oral voir dire, with the parties reserving their rights to ask other questions during the attorney voir dire:

JOINT SUBMISSION FOLLOWING
PRETRIAL CONFERENCE　　　　　　　　　　1
Case No. 3:23-cv-05459-BHS

SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000

**A. The Defendant in this case, Novo Nordisk, is a pharmaceutical company.**

1. Have you, or a family member, or a close friend ever worked for a pharmaceutical company? If yes:
    a. Who?
    b. Which company?
    c. What position did you [they] have?
    d. Would this affect your ability to be fair and impartial in deciding the facts of this case?
2. You will hear evidence in this case that the drug at issue is used to treat certain types of hemophilia patients. Have you, your family members, or close friends ever suffered from hemophilia? If yes:
    a. Who?
    b. When?
    c. What medications have you or your family members/friends taken?
    d. Would this affect your ability to be fair and impartial deciding the facts of this case?
    e. Would you be able to set this aside and judge this case solely on the facts presented during the trial?
3. Have you, a family member, or close friend ever requested a type of prescription medication and were denied insurance coverage for that medication?
    a. Why was the medication denied?
    b. Would this affect your ability to be fair and impartial when deciding the facts of this case?
    c. Would you be able to set this aside and judge this case solely on the facts presented during the trial

4. Do you believe prescription medications should be free of all safety risks before being sold to the public?

5. Do you believe doctors should be prohibited from prescribing medications "off-label," or for purposes that are not FDA-approved?

6. Do you believe that the FDA is heavily influenced by corporations to serve the interests of pharmaceutical companies?

7. Do you believe it is unfair for corporations and individuals to be treated as equals under the law?

**B. This case concerns payments made by the Medicare and Washington Medicaid programs.[1]**

8. Do you have any feelings, good or bad, about Medicare or Medicaid? If yes,
    a. What are those feelings?
    b. Can you explain what caused you to feel that way?
    c. Would this affect your ability to be fair and impartial deciding the facts of this case?
    d. Would you be able to set aside those feelings and judge this case solely on the facts presented during the trial?

9. Have you, has your spouse, or has anyone close to you ever had any education, training, or job-related experience that has given you specialized knowledge or expertise in any of the following fields:
    - Government regulation of industries or corporations
    - Medicinal development or sales/marketing

---

[1] Should the Court decide in NNI's favor that Medicare claims are not a part of this trial, these questions should be modified to only speak to Medicaid. The Plaintiffs have opposed Defendant's efforts to relitigate the issue of Medicare claims decided by the Court in its Summary Judgment Opinion (Dkt. 509). *See* Dkt. 521 pp. 2-7.

JOINT SUBMISSION FOLLOWING
PRETRIAL CONFERENCE                3
Case No. 3:23-cv-05459-BHS

SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000

- Heath or medical care
   a. If yes, please describe
   b. Would this affect your ability to be fair and impartial deciding the facts of this case?
   c. Would you be able to set aside those feelings and judge this case solely on the facts presented during the trial?

II. **Spoliation/Adverse Inference Instruction & Explanation**

   A. **Plaintiffs Proposed Spoliation Instruction**

   "You have heard testimony that there were documents in a box that Dr. Thompson had – while employed by the State -- which cannot be located. NNI contends that because the documents cannot be found, you may infer that they were favorable to NNI, namely that they show Washington decided to cover drugs not authorized by the U.S. Food & Drug Administration ("FDA"). However, NNI is not entitled to that inference if you accept Dr. Thompson's testimony that at the time the documents were placed in the box, no decision had been made with regard to the medical necessity of NovoSeven."

   *Plaintiffs' Explanation*: A jury instruction must be consistent with the evidence. See Dkt. 523 p. 22. The Declaration of Dr. Thompson (Dkt. 524-1, Ex. 4) states unequivocally that the State had not decided that NovoSeven was medically necessary for off-label use. Hence, any jury instruction allowing the jury to presume or infer that the state had made such a decision overrides the evidence. Dkt, 523, pp. 22-23. Therefore, the instruction should be given after the close of evidence in the case.

   B. **NNI's Proposed Adverse Inference Instruction**

   "During this case, it was discovered that the State of Washington failed to preserve relevant records created by Washington Medicaid that the State was obligated by law to preserve. Since there were likely records in Washington Medicaid's possession that have been lost or destroyed,

JOINT SUBMISSION FOLLOWING
PRETRIAL CONFERENCE
Case No. 3:23-cv-05459-BHS

4

SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000

and those records would have likely shown that the Washington Medicaid reviewers approved the payments for the NovoSeven® prescriptions, you may, but are not required to, infer that the prescriptions were medically necessary."

*NNI's Explanation*: NNI has established that, despite actually anticipating litigation in early 2014, the State did nothing to preserve Medicaid evidence for two years, and failed to put a single key custodian's files on hold for nearly a decade. *See* Dkt. 381 at 3-4; Dkt. 480 at 4-5. As a result of those failures, relevant records are missing. *See* Dkt. 381 at 4-6; Dkt. 480 at 4-5. The Court has already concluded that the State is "culpable in failing to timely preserve this evidence" and that "NNI was prejudiced by the State's failure" so that "NNI is entitled to an adverse inference instruction." Dkt. 480 at 5.

NNI's proposed adverse inference instruction closely tracks the Court's own draft instruction. *See* Dkt. 480 at 5-6. NNI's proposal provides a short simple explanation for why the jury is hearing the instruction and explains the root cause: the State's failure to preserve evidence. *See Ramos v. Swatzell*, 2017 WL 2857523, at *14 (C.D. Cal. June 5, 2017) ("Regardless of the exact wording, the court recommends, first, that the instruction acknowledge that that [the spoliating party] had a duty to preserve the evidence [and] should inform the jury that the absence of Garcia's personnel file resulted from [the spoliating party's] failure to preserve certain records."), *adopted* 2017 WL 2841694 (C.D. Cal. June 30, 2017).

In *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 881 F. Supp. 2d 1132, 1150 (N.D. Cal. 2012), the court explained that a permissive inference like the one NNI seeks is "the least harsh" form of adverse inference instruction. It also blessed a similar instruction to the one NNI proposes under circumstances even less egregious than those here:

> On this record, the court concludes that Samsung's preservation efforts failed because: (1) Samsung did not suspend mySingle's automatic biweekly destruction policy; (2) failed to issue sufficiently distributed litigation hold notices after Samsung itself admitted that litigation was 'reasonably foreseeable,' and to follow up with the affected employees for seven months as it later showed it knew how to do; and (3) at all times Samsung failed to monitor its employees' preservation

JOINT SUBMISSION FOLLOWING
PRETRIAL CONFERENCE
Case No. 3:23-cv-05459-BHS

5

SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000

> efforts to ensure its employees were at all compliant. In effect, Samsung kept the shredder on long after it should have known about this litigation ….

*Id.* (approving instruction to jury that "Samsung has failed to prevent the destruction of relevant evidence" and that Samsung "failed to preserve evidence after its duty to preserve arose" and failed "to perform its discovery obligations").

Plaintiffs' proposed alternative, by contrast, bears no resemblance to the instruction the Court found appropriate. And its language—documents "in a box" about which "NNI contends" an inference is warranted—fails to advance the core function of the instruction: sanctioning the State's discovery misfeasance. *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386-87 (9th Cir. 2010) (explaining that an adverse inference instruction should "deny" the spoliator "the fruits of its" unpreserved records "yet not interfere with that party's right to produce other relevant evidence.").

NNI asks the Court to give its proposed instruction twice. The first time should be during trial, when evidence about Washington Medicaid's investigation is presented. Reading the instruction then will contextualize the declaration for the jury and avoid confusion during trial. The jury should be read the instruction again when the Court gives final instructions before closing arguments.

### III.    Foreign Regulatory Approvals

#### A.    Plaintiffs' Proposed Instruction

You have heard evidence/argument that NovoSeven was approved by a foreign government regulatory body for _____ even though _____ use has not been approved by the U.S. Food and Drug Administration ("FDA"). This evidence/argument, however, is not relevant to the question of whether the State of Washington Medicaid Program ("Washington Medicaid") or the Medicare Program ("Medicare") would reimburse NovoSeven for _____ use. This is because neither Washington Medicaid nor Medicare will reimburse drugs for off-label uses simply because they are approved in foreign

JOINT SUBMISSION FOLLOWING
PRETRIAL CONFERENCE                          6
Case No. 3:23-cv-05459-BHS

SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000

countries. Nor may NNI use foreign approval to promote the drug in the U.S. for off-label uses. Therefore, you *may not* consider evidence of foreign approvals when determining whether Washington Medicaid or Medicare would cover this particular off-label use.

### B. NNI's Proposed Limiting Instruction on Foreign Regulatory Approvals of NovoSeven® Uses

You have heard evidence that other countries approved NovoSeven® for certain uses when the U.S. Food and Drug Administration had not yet done so. Only the FDA approves uses for the label in the United States. So, if a use has not been approved by the FDA, even if it has been approved in another country, it is still an off-label use. You may, however, consider evidence of foreign approval of NovoSeven® uses as relevant to other issues in the case, including but not limited to the information about NovoSeven® that was available to doctors when they were making decisions about what to prescribe or recommend.

## IV. Conduct of Other Pharmaceutical Companies

### A. Plaintiffs' Proposed Instruction

You have heard evidence/argument that _____ [company] engaged in conduct similar to Novo Nordisk's conduct. You *may not* consider such evidence in determining whether NNI's conduct violated federal or state law. It is not a defense that other companies are engaging in similar conduct.

### B. NNI's Proposed Limiting Instruction on Evidence of the Conduct of Other Pharmaceutical Companies

You have heard evidence that other pharmaceutical companies engaged in conduct similar to the conduct at issue in this case. You may not base your decision in this case on the fact that other pharmaceutical companies may have engaged in the same conduct. You may, however, consider this evidence for any other purpose for which you believe it is relevant, including whether or not payments by NNI caused prescribing NovoSeven® over a competitor's product.

JOINT SUBMISSION FOLLOWING
PRETRIAL CONFERENCE
Case No. 3:23-cv-05459-BHS

7

SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000

## V. NNI Profits

### A. Plaintiffs' Proposed Limiting Instruction on NovoSeven Revenue

You have heard testimony or seen evidence about NNI's profits and/or revenues from sales of NovoSeven.

You may only consider NNI's profits and/or revenue from sales of NovoSeven as to the matter of motive, willfulness, or intent.

*Plaintiffs' Support For The Instruction*: As to the matter of revenue, the Court noted:

> That is all germane to your theory of the case that they <u>intended</u> and did this with the knowledge and <u>willfulness</u> because they wanted to obtain great profits you think – as you'll characterize them, I guess, in connection with NovoSeven, but not necessarily other drugs.

Hearing Transcript (October 6, 2025) (Emphasis added).

Counsel for Defendant asked:

> We request the Court issue a limiting instruction to make clear that can only be considered to the extent it goes to <u>motive</u>, and not to establish false claims or liability of damages.

Hearing Transcript, p. 36 (Emphasis added).

The instruction is written to track the words – "intended," "willfulness," and "motive" used by the Court and NNI's Counsel.

### B. NNI's Proposed Limiting Instructions on NNI's Profits and/or Revenues from NovoSeven®

You may consider evidence of NNI's profits and/or revenues from NovoSeven® *only* in determining NNI's intent in taking the actions that it did. You may not consider such evidence in otherwise deciding whether NNI violated any law or in determining any other fact. Further, you

JOINT SUBMISSION FOLLOWING
PRETRIAL CONFERENCE
Case No. 3:23-cv-05459-BHS

8

SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000

1  may not consider any such evidence in calculating damages, if any, that you decide NNI must pay
2  if you find NNI liable.

## VI. Federal Rule of Evidence 1006 Exhibits

The parties have worked cooperatively to resolve their disputes regarding their respective Rule 1006 exhibits and have made progress. Among other agreements, Defendant requested, and Plaintiffs agreed, to depose Mr. Le, the witness Plaintiffs have identified as a person with knowledge of the creation of their principal Medicaid claims summary. That deposition is scheduled for Monday, October 13, 2025. The parties are also working cooperatively to address concerns about the content of one another's Rule 1006 exhibits and the other issues raised in NNI's motion *in limine* number 13. The parties will report to the Court on Monday about whether there remain outstanding disputes about these exhibits and related testimony for the Court to resolve during the scheduled October 14 hearing, but are actively endeavoring to minimize any disputes over the content or presentation of those exhibits so that the hearing will not require substantial time.

JOINT SUBMISSION FOLLOWING
PRETRIAL CONFERENCE
Case No. 3:23-cv-05459-BHS

9

SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000

DATED: October 10, 2025

| | |
|---|---|
| By: /s/ *Douglas C. McDermott* | By: /s/ *Jaime L.M. Jones* |
| Douglas C. McDermott, WSBA #31500 | Jaime L.M. Jones (*pro hac vice*) |
| McDermott Asan, PLLC | Matthew Bergs (*pro hac vice*) |
| doug@mcdermottasan.com | Ross O. Kloeber (*pro hac vice*) |
| Logan Building | Jaime R. Simon (*pro hac vice*) |
| 500 Union Street, Suite 909 | Sidley Austin LLP |
| Seattle, Washington 98101 | One South Dearborn Street |
| Telephone: 206-949-3252 | Chicago, IL 60603 |
| | Telephone: (312) 853-7000 |
| Reuben A. Guttman (*pro hac vice*) | Facsimile: (312) 853-7036 |
| Traci L. Buschner (*pro hac vice*) | jaime.jones@sidley.com |
| Rick Mountcastle (*pro hac vice*) | mbergs@sidley.com |
| Nancy Gertner (*pro hac vice*) | rkloeber@sidley.com |
| Elizabeth H. Shofner (*pro hac vice*) | jaime.simon@sidley.com |
| Guttman, Buschner & Brooks PLLC | |
| 1509 22nd Street, NW | Mark P. Guerrera (*pro hac vice*) |
| Washington, D.C. 20037 | Jennifer L. Saulino (*pro hac vice*) |
| Tel: 202-800-3001 | Elizabeth Noel Ertle (*pro hac vice*) |
| Fax: 202-827-0041 | Sidley Austin LLP |
| | 1501 K Street, NW |
| *Attorneys for Plaintiff-Relator* | Washington, D.C. 20005 |
| | Telephone: (202) 736-8000 |
| Nicholas W. Brown | Facsimile: (202) 736-8711 |
| Attorney General | mguerrera@sidley.com |
| | bjenny@sidley.com |
| /s/ *Karl F. Sloan* | jennifer.saulino@sidley.com |
| Matthew T. Kuehn, WSBA #30419 | elizabeth.ertle@sidley.com |
| Senior Counsel | |
| Karl F. Sloan WSBA #27217 | Naomi A. Igra (*pro hac vice*) |
| Naomi Smith, WSBA # 49995 | Sidley Austin LLP |
| Ferdinand Lugo Ortiz, WSBA #56806 | 555 California Street, Suite 2000 |
| Assistant Attorneys General | San Francisco, CA 94104 |
| Medicaid Fraud Control Division | Telephone: (415) 772-1200 |
| PO Box 40114 | naomi.igra@sidley.com |
| Olympia, WA 98502 | |
| Telephone: 360-586-8888 | By: /s/ *John Wolfe* |
| Facsimile: 360-586-8877 | John Wolfe (WSBA# 8028) |
| Matthew.Kuehn@atg.wa.gov | Aaron Brecher (WSBA# 47212) |
| Karl.Sloan@atg.wa.gov | Orrick Herrington & Sutcliffe LLP |
| Naomi.Smith@atg.wa.gov | wolfe@orrick.com |
| Ferdinand.LugoOrtiz@atg.wa.gov | abrecher@orrick.com |
| | 401 Union Street, Suite 3300 |
| *Counsel for Plaintiff State of Washington* | Seattle, WA 98104-7097 |
| | Telephone: (206) 839-4332 |
| | |
| | *Attorneys for Defendant Novo Nordisk Inc.* |

JOINT SUBMISSION FOLLOWING
PRETRIAL CONFERENCE
Case No. 3:23-cv-05459-BHS

10

SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000