UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | CASE NO. C23-5459 BHS |
| Plaintiff, | ORDER |
| *ex rel.* | |
| JAMIE SIEGEL M.D., | |
| Plaintiff-Relator, | |
| v. | |
| NOVO NORDISK, INC., | |
| Defendant. | |

THIS MATTER is before the Court on its own motion.

In open court on November 4, 2025, in response to defendant NNI's submission on remuneration, Dkt. 602, the Court asserted that on their federal Anti-Kickback Statute (AKS) claim, plaintiffs "must establish that [any] remuneration paid was either not free or within fair market value." Nov. 4 Transcript at 2344. The Court invited briefing from plaintiffs on the issue.

1    The Court has reviewed the parties' briefing on the definition of "remuneration,"

2    Dkts. 602 and 607. Defendant argues that Plaintiffs bear the burden of proving that any

3    remuneration was above fair market value, and that absent such evidence, Plaintiffs'

4    federal AKS claim fails. Dkt. 602 at 3–4. Plaintiffs disagree, arguing that any

5    remuneration, even if it is at fair market value, triggers AKS liability if at least one

6    purpose was to induce a NovoSeven prescription. Dkt. 607 at 2–3.

7    The Ninth Circuit has not decided this issue, but several district courts—within

8    and outside the Circuit—have concluded that remuneration of *any value* can trigger

9    liability under the AKS. *See, e.g., United States ex rel. Lutz v. BlueWave Healthcare*

10   *Consultants, Inc.*, 2018 WL 11337367, at *3 (D.S.C. May 14, 2018) ("the AKS does not

11   require the United States to prove the lack of fair market value."); *United States ex rel.*

12   *Health Dimensions Rehab., Inc. v. RehabCare Grp., Inc.*, 2013 WL 4666338, at *5 (E.D.

13   Mo. Aug. 30, 2013) ("Lack of fair market value, per se, is not an element the

14   Government must provide."); *United States ex rel. STF, LLC v. Vibrant Am., LLC*, 2020

15   WL 4818706, at *7 (N.D. Cal. Aug. 19, 2020) (AKS prohibits the "knowing and willful

16   payment of such amounts if even one purpose of the payment is to induce or reward

17   referrals of Federal health care program business. This is true regardless of whether the

18   payment is fair market value for services rendered."); *United States ex rel. Heller v.*

19   *Guardian Pharmacy, LLC*, 521 F. Supp. 3d 1254, 1266 (N.D. Ga. 2021) ("Remuneration

20   has been broadly interpreted 'to include anything of value in any form whatsoever.'");

21   *United States ex rel. Gohil v. Sanofi U.S. Servs. Inc.*, 500 F. Supp. 3d 345, 359 (E.D. Pa.

22

1    2020) (Courts generally interpret the term "remuneration" "expansively to include

2    anything of value in any form whatsoever.'").

3        Many of these cases rely on guidance documents published by the Office of the

4    Inspector General for the Department of Health and Human Services—which are not

5    binding, but are persuasive. OIG guidance expressly addresses this question, providing

6    that a fair market value payment will not "legitimize a payment if there is also an illegal

7    purpose (i.e., inducing Federal health care program business)." OIG Supp. Compliance

8    Program Guidance for Hospitals, 70 FR 4858-01, 2005 WL 192293 (2005); OIG

9    Compliance Program Guidance for Pharmaceutical Manufacturers, 68 FR 23731-01,

10    2003 WL 2010428 (2003).

11        The Court also notes that while 42 U.S.C. § 1320a-7a(i)(6) states remuneration

12    includes "transfers of items or services for free or for other than fair market value," that

13    definition is limited "[f]or purposes of [that] section." The AKS is under 42 U.S.C. §

14    1320a-7b.

15        The Court's final jury instructions accordingly define "remuneration" as anything

16    of value (including any kickback, bribe, or rebate) directly or indirectly, overtly or

17    covertly, in cash or in kind.

18        Based on NNI's withdrawal of its safe harbor affirmative defense, Dkt. 602 at 3,

19    Plaintiffs seek to strike the testimony of NNI's expert Nicholas Janiga, Dkt. 608. Janiga's

20    testimony is arguably relevant to NNI's intent, knowledge, and willfulness. Plaintiffs'

21    motion is therefore **DENIED**.

22        **IT IS SO ORDERED.**

Dated this 5th day of November, 2025.

BENJAMIN H. SETTLE
United States District Judge