The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.* <br><br> Plaintiffs, <br> *Ex rel.*, <br> JAMIE SIEGEL, M.D., <br> Plaintiff-Relator <br> v. <br><br> NOVO NORDISK, INC., <br><br> Defendant. | NO.  3:23-cv-05459-BHS <br><br> STATE OF WASHINGTON'S MOTION TO RETAX COSTS <br><br> NOTED ON MOTION CALENDAR: <br><br> March 2, 2026 |

STATE OF WASHINGTON'S MOTION
TO RETAX COSTS –
NO. 3:23-CV-05459-BHS

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888

## I.  INTRODUCTION

On February 2, 2026, the Court clerk granted Defendant's motion in part to tax costs in the amount of $88,635.51. *See*, Dkt. 661; Dkt. 682. Now, the State of Washington ("Plaintiff") moves to retax costs for the following reasons: First, the Washington statutes the State of Washington intervened under do not provide for costs to be imposed on the State of Washington. Second, the issues in this case were of substantial public importance and they were close and difficult. Third, the case was substantially justified in defense of Washington State's Medicaid Fund. Finally, depositions not used at trial and videotaped depositions should not be taxed. In exercising its discretion, the Court is guided by 28 U.S.C. § 1920.

## II.  ARGUMENT

**A.  The Washington Medicaid Fraud False Claims Act Does Not Provide for Costs to be Imposed on the State of Washington for Fraud Enforcement Actions Where the Defendant Prevails**

The Attorney General for the State of Washington intervened in this matter to enforce the Washington Medicaid Fraud False Claims Act (WFCA), Washington's Fraudulent Practices Act (WA FPA), and the Washington anti-kickback statute (WA AKS).[1] *See*, Dkt. 85. No Washington statute provides for costs to be imposed on the State of Washington for fraud enforcement actions in which Defendant prevails or when and how the court awards expenses when the Attorney General and Relator pursue a case. *See*, RCW 74.66, 74.09.210, 74.09.240.

The WFCA provides a two-step analysis for the court to follow when considering awarding expenses to the prevailing party in a qui tam action. RCW 74.66.070.[2] First, the statute only contemplates awarding "reasonable attorneys' fees and expenses" if the Defendant prevails in an action where "the attorney general does not proceed with the qui tam action and the relator

---

[1] RCW 74.66 et seq. (WFCA), 74.09.210 (WA FPA), 74.09.240 (WA AKS)
[2] RCW 74.66.070(4) states: "If the attorney general does not proceed with the qui tam action and the relator conducts the action, the court may award to the defendant reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the relator was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."

STATE OF WASHINGTON'S MOTION
TO RETAX COSTS –
NO. 3:23-CV-05459-BHS

1

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888

conducts the action." RCW 74.66.070(4). Under this step, the Plaintiffs would not bear any responsibility for paying "expenses" claimed by the Defendant because the Attorney General for the State of Washington did intervene in the underlying action. *See*, Dkt. 85. The statute goes on to say that when a Relator proceeds with an action, and the Attorney General does not intervene, "the court may award to the defendant reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the relator was clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment." RCW 74.66.070(4). The Defendant has not requested "expenses" be recovered, rather, they are asking that "costs" be awarded. Dkt. 661 at 2:4-6. Further, the Defendant has not shown that the Relator engaged in any of the conduct described in the statute, nor has the Court characterized the Relator's case as frivolous, vexatious, or harassing.

As put forward in *Wheeler v. City of Santa Clara*: "It is a fundamental canon that where the 'statutory text is plain and unambiguous,' a court 'must apply the statute according to its terms.'" 894 F.3d 1046, 1054 (9th Cir. 2018) (citing *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009)). Further, the "doctrine of *expressio unius est exclusio alterius* 'as applied to statutory interpretation creates a presumption that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions.'" *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (en banc) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756-57 (9th Cir. 1991)). Because the statute is silent on the court awarding expenses in cases where the Attorney General has intervened in a qui tam action and because NNI has not demonstrated that "the claim of the relator was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment," the Court should deny NNI's motion and order for each party to bear their own costs.

**B.     The Court has Wide Discretion in Determining Whether to Award Costs**

A district court has the discretion to refuse to award costs to a prevailing party under Fed. R. Civ. P. 54(d). *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).

STATE OF WASHINGTON'S MOTION
TO RETAX COSTS –
NO. 3:23-CV-05459-BHS

2

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888

District courts have "wide discretion" in determining whether and to what extent prevailing parties may be awarded costs pursuant to Rule 54(d). *K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969); *see*, *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). However, this "discretion is not unlimited. A district court must 'specify reasons' for its refusal to award costs." *Ass'n of Mexican-Am. Educators*, 231 F.3d at 591 (quoting, *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)). The reasons specified must "explain why a case is not ordinary and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Id*. at 593 (internal quotation marks omitted).

The Ninth Circuit recognized the following factors for determining whether to award taxable costs to a prevailing party: "(1) [T]he substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014). "[A] losing party need not demonstrate that all five factors weigh against imposing costs; rather, the list provides a 'starting point for analysis.'" *Draper*, 836 F.3d at 1087 (citing *Escriba*, 743 F.3d at 1248). Further, punishing misconduct by the prevailing party is not the only proper reason for denying costs to a prevailing party, "district courts may consider other, nonpunitive reasons for denying costs to a prevailing party." *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592. Here, many factors weigh in favor of the Court denying the Defendant's costs.

**1.  Costs Should be Denied Because the Issues in this Case were of Substantial Public Importance**

"One permissible consideration in evaluating whether a cost bill should be denied outright is whether the issues in the case were of substantial public importance." *Rivera v. NIBCO, Inc.*, 701 F. Supp. 2d 1135, 1141 (E.D. Cal. 2010) (citing *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592). Whether the plaintiff or defendant was successful on its claims

STATE OF WASHINGTON'S MOTION
TO RETAX COSTS –
NO. 3:23-CV-05459-BHS

3

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888

is irrelevant to a determination of an issue's public importance. *Darensburg v. Metro. Transp. Comm'n*, No. C-05-01597 EDL, 2009 WL 2392094, at *2 (N.D. Cal. Aug. 4, 2009) (determining the importance of the issues does not rest on "looking at which party prevailed"). "[A] case is considered to be of great importance when . . . the issues raised in the litigation have ramifications beyond the parties and concerns immediately involved in the litigation." *Ayala v. Pac. Mar. Ass'n*, No. C08–0119 TEH, 2011 WL 6217298, at *3 (N.D. Cal. Dec. 14, 2011).

Medicaid is a federal program that subsidizes the States' provision of medical services to "families with dependent children and of aged, blind, or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 323, 135 S. Ct. 1378, 1382 (2015) (citing 42 U.S.C. §1396-1). To receive federal Medicaid funding, the State must comply with federal Medicaid statutes and regulations. *Id.* at 323, 135 S. Ct. at 1382. One requirement is to submit a State Plan describing how the State will administer Medicaid and assuring compliance with federal law. *See*, 42 U.S.C. § 1396a(a); 42 C.F.R. § 430.12; *Armstrong*, 575 U.S. at 323, 135 S. Ct. at 1382. The Centers for Medicare & Medicaid Services (CMS) review and either approve or reject the State Plan and any amendments. *See*, 42 C.F.R. §§ 430.10, 430.14.

Once CMS approves its State Plan, a state is eligible to receive federal matching funds. *See*, 42 U.S.C. § 1396b(a); 42 C.F.R. § 430.1. CMS can withhold all or a portion of its funding if it concludes a state is out of compliance with federal requirements. *See*, 42 U.S.C. § 1396c; 42 C.F.R. § 430.35(a). Under 42 U.S.C. § 1396a(a)(61), for a State to receive medical assistance, the state plan must, "provide that the State must demonstrate that it operates a medicaid fraud and abuse control unit as described in section 1396b(q) . . . that effectively carries out the functions and requirements described in such section, as determined in accordance with standards established by the Secretary." Some of the functions a State Medicaid Fraud Control Unit must perform include prosecuting individuals for criminal violations relating to the Medicaid program, "reviewing complaints of abuse or neglect of patients in health care facilities

STATE OF WASHINGTON'S MOTION
TO RETAX COSTS –
NO. 3:23-CV-05459-BHS

4

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888

which receive payments under the State plan," and investigating and prosecuting violations of all applicable State laws regarding any and all aspects of fraud in connection with "any aspect of the provision of medical assistance and the activities of providers of such assistance under the State plan." 42 U.S.C. §1396b(q)(3) and (4)(A)(i).

The Washington State Medicaid Fraud and Abuse Division was carrying out its necessary function described in 42 U.S.C. §1396b(q) when it investigated and brought this case to trial. As NNI described in their Motion for Summary Judgment, "Plaintiff State of Washington has been investigating this case for almost fifteen years." Dkt. 386 at 4:2. NNI noted that the fraudulent conduct alleged by the State of Washington occurred in Washington State. Dkt. 386 at 4:10. NNI agrees that the patients whose medical care was at issue in this case was limited to "Washington hemophilia patients." Dkt. 386 at 4:12. Patient A was one of the Washington hemophilia patients referred to the Washington Medicaid Fraud and Abuse Division on April 18, 2014. *See*, Dkt. 386 at 14:11; Dkt. 387-1 at 214-220.

The issues raised in this case by the Plaintiffs, although ultimately unsuccessful, were of substantial public importance. The Court should deny costs claimed by the Defendant because the State of Washington was carrying out its duties as required by statute and federal regulation to receive medical assistance to provide healthcare to needy individuals in Washington State by investigating and trying this case. *See*, 42 U.S.C. § 1396a(a)(61); 42 C.F.R. § 1007.11; RCW 74.66.

    **2.    The State of Washington's enforcement action in this case was substantially justified in defense of the State's Medicaid fund, and in accordance with its enabling legislation and underlying intent.**

The State of Washington's Attorney General's Medicaid Fraud and Abuse Division joined this suit, originally filed by Relator Jamie Siegel, under RCW 74.66 as an enforcement action, in defense of its Medicaid Fund, pursuant to the text and intent of the law, to combat

STATE OF WASHINGTON'S MOTION
TO RETAX COSTS –
NO. 3:23-CV-05459-BHS

5

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888

Medicaid fraud.[3] Dkt. 85. Although Plaintiffs did not prevail, the litigation, discovery, and trial testimony brought to light evidence of questionable conduct by the Defendant, including payments and inducements.[4] NNI had been subject to a Corporate Integrity Agreement (CIA) for actions substantially similar to the actions Plaintiffs were prosecuting here. Dkt. 521-2 at 135-183 (Corporate Integrity Agreement dated May 2011). The CIA was provided to the Court and excluded on a Fed. R. Evid. 404(b) basis, demonstrating it to be a relevant, but unduly prejudicial for jury trial purposes. Dkt. 676-1 at Tr. 36:17-23. That alone would be sufficient to justify the State of Washington's intervention. However, other factors made the State's prosecution of this justified.

### 3. Costs should be Denied Because the Issues Were Close and Difficult

The Court also should deny costs in this case because the issues were close and difficult.[5] *See*, *Ass'n of Mexican-Am. Educators*, 231 F. 3d at 592; *see also, Darensburg*, 2009 WL 2392094, at *4 (declining to award costs and noting that the court had previously denied the Defendant's motion for summary judgment); *Washburn v. Fagan*, No. C03-00869 MJJ, 2008 WL 361048, *3 (N.D. Cal. Feb. 11, 2008) (declining to award costs where "the answers were far from obvious" and noting that while the plaintiff was "ultimately unsuccessful, his case was not without merit."); *Grimes v. United Parcel Serv., Inc.*, No. C05-1824RS,

---

[3] "The legislature intends to enact a state false claims act in order to provide this state with another tool to combat medicaid fraud. The legislature finds that between 1996 and 2009 state-initiated false claims acts resulted in over five billion dollars in total recoveries to those states. The highest recoveries in those cases were from claims relating to billing fraud, off-label marketing, and withholding safety information; these cases were primarily related to the pharmaceuticals industry and hospital networks, hospitals, and medical centers. By chapter 241, Laws of 2012, the legislature does not intend to target a certain industry, profession, or retailer of medical equipment, or to place an undue burden on health care professionals. Chapter 241, Laws of 2012 is not intended to harass health care professionals, nor is intended to be used as a tool to target actions that are related to incidental errors or clerical errors, which should not be considered fraud. The intent is to use the false claims act to root out significant areas of fraud that result in higher health care costs to this state and to use the false claims act to recover state money that could and should be used to support the medicaid program." RCWA 74.66.010, Intent--Finding--2012 c 241 (West Official Note).

[4] The State of Washington is pursuing an appeal; Notice of Appeal filed on December 4, 2025. Dkt No. 668.

[5] A relatively speedy verdict does not negate the complexity of the issues. As the Court in *Rivera* noted, "the jury took less than one day to reject Plaintiffs' claims. However, the jury's ultimate rejection of the Plaintiffs' claims does not undermine the legal and factual complexity of the underlying claims and that summary judgment could not be granted." 701 F. Supp. 2d at 1144.

STATE OF WASHINGTON'S MOTION TO RETAX COSTS – NO. 3:23-CV-05459-BHS

6

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888

2008 WL 4622589, at *2 (N.D. Cal. Oct. 17, 2008) (declining to award costs and noting that the case was "vigorously litigated over three years"). While "'difficulty' alone does not justify penalizing the prevailing parties," the court implied in *National Information Services, Inc. v. TRW, Inc.* that the difficulty of a case could be an appropriate factor warranting cost reduction when other factors were present. 51 F.3d 1470, 1473 (9th Cir. 1995), *as amended on denial of reh'g and reh'g en banc (June 30, 1995), and, overruled by Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572 (9th Cir. 2000).

The present case proceeded to trial after the Court granted in part and denied in part complicated, voluminous cross-motions for summary judgment, including detailed analysis of many evidentiary, legal, and factual issues. *See*, Dkt. 509. If the issues in this case were not close or difficult, they could have been decided on summary judgment or on judgment as a matter of law at the close of evidence as presented by the Defendant. Dkt. 599. The pre-trial, mid-trial, and post-trial proceedings were lengthy and vigorously litigated as demonstrated by the court record and docket. *See, e.g,* Dkt. 613 (order denying motion to strike testimony of Nicholas Janiga mid-trial); Dkts. 617-619 (orders revising draft jury instructions throughout trial); Dkt. 386 (NNI's motion for summary judgment); Dkt. 391 (Plaintiffs' motion for partial summary judgment); Dkt. 509 at 2:1-3 (order on summary judgment where the Court described the factual history of the case as "lengthy and complicated" and described the record of the case as "copious"). Each party presented complex, dense evidence to the jury in the form of exhibits and testimony from both expert and lay witnesses over the course of sixteen days. *See*, Dkt. 661 at 2:2. NNI's Motion to Tax Costs highlights the preparation that went into bringing this case to trial by identifying twenty-five witnesses who were deposed, many of whom had accompanying *Daubert* motions that the Court had to rule on prior to the start of trial. *See*, Dkt. 661 at 3:5-6:10.

The issues presented at trial were difficult as evidenced by the order entered by the Court in response to the cross-motions for summary judgment, the extensive motions in limine proceedings and pretrial issues presented to the Court, and the detailed nature of the jury

STATE OF WASHINGTON'S MOTION
TO RETAX COSTS –
NO. 3:23-CV-05459-BHS

7

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888

1  instructions. *See*, Dkt. 620 (jury instructions); Dkt. 509 (order on summary judgment); Dkt. 523 (Plaintiffs' motions in limine); Dkt. 525 (Defendant's motions in limine). For these reasons, the Court should decline to award costs.

### C. NNI Has Failed to Justify Their Costs Bill

#### 1. The Cost of Depositions Not Used at Trial Should Not be Taxed

The Ninth Circuit has held that trial courts have the discretion to disallow the costs of depositions not used at trial. *Wash. State Dep't of Transp. v. Wash. Nat. Gas Co., Pacificorp*, 59 F.3d 793, 806 (9th Cir. 1995) (affirming district court's denial of a portion of defendants' bill of costs requesting costs of depositions not used at trial and holding that such disallowance was within the district court's discretion). "[M]any courts have adopted the practice of permitting taxation of deposition costs such as stenographers' fees for depositions introduced at trial or used in cross-examination of witnesses and disallowing the costs of all other depositions." *Hill v. BASF Wyandotte Corp.*, 547 F. Supp. 348, 351 (E.D. Mich. 1982). Depositions that are merely useful for discovery but not used at trial are not properly taxable and therefore constitute expenses that should be borne by the party taking the deposition, as incidental to normal preparation for trial. *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963) (stating that "[i]f the depositions were merely useful for discovery then they were not taxable items").

"Under 28 U.S.C. § 1920(2), the costs of an original deposition taken by the prevailing party are recoverable if they are 'necessarily obtained for use in the case.'" *Wyne v. Medo Indus.*, 329 F. Supp. 2d 584, 588-589 (D. Md. 2004) (citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991)). As NNI noted in their Reply to their Motion to Tax Costs, "Plaintiffs noticed all four of [the] witnesses" – NNI did not take any of the depositions that Plaintiff's are seeking to exclude from taxation. Dkt. 680 at 4:26; Dkt. 681, Ex. D. Contrary to the principle above, NNI seeks to

STATE OF WASHINGTON'S MOTION TO RETAX COSTS – NO. 3:23-CV-05459-BHS

8

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888

recover the transcripts of depositions for witnesses who were not called at trial, all of which were conducted by the Plaintiffs.

NNI has requested the Court award costs for four witnesses who neither testified at trial nor had their deposition videos entered into evidence as part of trial. *See*, Dkt. 629. Specifically, NNI is requesting the Court award the following costs for witnesses who were not called at trial:

<u>Michael Ferrara</u>
   Deposition Video -- $1,002.50 (Dkt. 661 at 3:21)
   Deposition Transcript -- $1,640.00 (Dkt. 661 at 3:22)
   Deposition Exhibits -- $512.80 (Dkt. 661 at 3:23)
<u>Melissa Leichter</u>
   Deposition Transcript -- $1,445.85 (Dkt. 661 at 5:5)
   Deposition Exhibits -- $707.85 (Dkt. 661 at 5:6)
<u>Josh Slen</u>
   Deposition Transcript -- $454.50 (Dkt. 661 at 5:21)
<u>Dan Troy</u>
   Deposition Transcript -- $360.00 (Dkt. 661 at 6:3)

If the Court awards costs to the Defendant, it should subtract **$6,123.50** because the witnesses listed above were not presented at trial and their deposition testimony was not offered to the jury as evidence. *See*, Dkt. 629.

**2.    The Cost of the Videotaped Deposition Should Not be Taxed**

The types of costs allowable under Fed. R. Civ. P. 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Costs not listed in § 1920 may not be taxed to the non-prevailing party unless they are specifically authorized by some other statute or by contract. *Id*. at 445. Under 28 U.S.C. § 1920, the costs of videotaped depositions are only recoverable upon a showing that they were "necessary." *See*, *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999) (finding that only transcription costs were recoverable when there was no showing that videotaping was "necessary.") Something more is needed beyond, "convenience or duplication to ensure alternative methods of presenting materials at trial." *Cherry*, 186 F.3d at 449. Courts have found that a party may not recover costs incurred for both videotaping a deposition and obtaining a

STATE OF WASHINGTON'S MOTION
TO RETAX COSTS –
NO. 3:23-CV-05459-BHS

9

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888

stenographic transcript but may only recover costs for the stenographic transcript itself. *See, e.g., Terry v. Allstate Ins. Co.*, No. Civ. S052261RRBDAD, 2007 WL 3231716, at *3 (E.D. Cal. Nov. 1, 2007) (party seeking costs failed to provide a rationale justifying why deposition videotape and stenography were both "necessary," which requires a showing beyond convenience or duplication to ensure alternative methods of presenting materials at trial); *Nederhiser v. Foxworth*, No. Civ.05-787-KI, 2007 WL 1378602, at *2 (D. Or. May 7, 2007) (court disallowed videotape costs where the party seeking costs failed to provide a sufficient rationale that both videotape and stenographic transcripts were reasonably necessary for the litigation). Courts in other jurisdictions have awarded costs for both videotape and stenographic testimony in situations where a party has shown that the witness may not be available for trial, where the credibility of the videorecorded witness was "a central issue" of the case, and where the witness who was videotaped was "the most important witness in [the] case." *See, Robbins ex rel. Robbins v. Lower Merion Sch. Dist.*, No. Civ.A 10-665, 2010 WL 3421026, at *7 (E.D. Pa. Aug. 30, 2010) (plaintiffs contend that depositions were videotaped because there was no assurance that deponents would be available at time of trial); *Pitts v. Elec. Power Sys., Inc.*, No. 08-CV-96-GKF-PJC, 2009 WL 3766270, at *3 (N.D. Okla. Nov. 10, 2009) (the witness deposition was videotaped in case the witness, who was "the most important witness in [the] case," was prevented from testifying at trial.); *Randall v. Gov't Emps. Ins. Co.*, No. CIV-09-166-M, 2010 WL 3663752 at *4 (W.D. Okla. Sept. 15, 2010) (the credibility of two videotaped witnesses was a central issue in the case).

In this case, the Defendant has requested the Court award costs for both videotaped and written transcripts of witness depositions without demonstrating that the videotaping was reasonably necessary for litigation, that the witnesses identified would be unavailable for trial, that the credibility of each witness was a central issue of the case, or that the witnesses who were video recorded were the most important witnesses at trial. Dkt. 661. Further, the Defendant's motion states that, "Plaintiffs should pay costs for printed **or** electronically recorded transcripts

STATE OF WASHINGTON'S MOTION
TO RETAX COSTS –
NO. 3:23-CV-05459-BHS

10

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888

necessarily obtained for use in the case." Dkt. 661 at 2:18 (emphasis added). NNI effectively acknowledges that they are not entitled to reimbursement for both formats of the identified depositions in their request. *See*, Dkt. 661 at 2:15-16 ("NNI seeks . . . (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case"). NNI identified **$33,025.69 for videotaped depositions** and **$38,002.35 for written transcripts** of the depositions, including the four witnesses discussed above who did not testify in trial or whose deposition testimony was not entered into evidence. Dkt. 661 at 3-6. If the Court awards costs, it should not include the cost of both the videotaped deposition and the written transcripts, especially where the Defendant has not identified why both formats were necessary.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court retax NNI's identified costs, and order each party bear their own costs. If the Court does award costs, the amount should not include the costs associated with witnesses Michael Ferrara, Melissa Leichter, Josh Slen, or Dan Troy and should not include both videotaped and written transcript deposition costs.

DATED this  9th  day of February 2026.

    Nicholas W. Brown
    Attorney General

    *s/Matthew T. Kuehn*
    MATTHEW T. KUEHN, WSBA #30419
    Senior Counsel
    KARL F. SLOAN, WSBA #27217
    NAOMI SMITH, WSBA # 49995
    FERDINAND LUGO ORTIZ, WSBA #56806
    Assistant Attorneys General
    Medicaid Fraud & Abuse Division
    PO Box 40114
    Olympia, WA  98502
    Telephone: 360-586-8888
    Facsimile: 360-586-8877
    Matthew.Kuehn@atg.wa.gov
    Karl.Sloan@atg.wa.gov
    Naomi.Smith@atg.wa.gov
    Ferdinand.LugoOrtiz@atg.wa.gov

    Counsel for Plaintiff State of Washington

STATE OF WASHINGTON'S MOTION
TO RETAX COSTS –
NO. 3:23-CV-05459-BHS

11

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888

I certify that this memorandum contains 4,162 words, in compliance with the Local Civil Rules.

STATE OF WASHINGTON'S MOTION
TO RETAX COSTS –
NO. 3:23-CV-05459-BHS

12

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2026, a true and correct copy of the foregoing document was filed with the clerk of the Court using the CM/ECF System, which will send notification to all counsel of record.

DATED this  9th  day of February 2026.

/s/ *Meg Schultz*
MEG SCHULTZ
Paralegal 1

STATE OF WASHINGTON'S MOTION
TO RETAX COSTS –
NO. 3:23-CV-05459-BHS

13

ATTORNEY GENERAL OF WASHINGTON
Medicaid Fraud & Abuse Division
PO Box 40114
Olympia, WA 98504-0114
360-586-8888