UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel., | CASE NO. C23-5459 BHS |
| Plaintiff, | ORDER |
| v. | |
| NOVO NORDISK, INC., | |
| Defendant. | |

THIS MATTER is before the Court on plaintiff intervenor State of Washington's motion to re-tax costs, Dkt. 684, and on relator Jamie Siegel's motion to re-tax costs, Dkt. 685. The Clerk awarded prevailing defendant Novo Nordisk $88,636 in costs under Rule 54(d) and 28 U.S.C. § 1920. Dkt. 682.

The State argues that the Washington statutes under which it intervened in this qui tam action do not provide for an award of costs against it, that the close and difficult issues raised in the case were of substantial public importance, and that the action was a substantially justified defense of its Medicaid Fund. It asks the Court to order the parties

ORDER - 1

to bear their own costs. Dkt. 684 at 4 (citing Fed. R. Civ. P. 54(d) and *Escriba v. Foster Poultry Farms, Inc*., 743 F.3d 1236 (9th Cir. 2014)).

If the Court does award costs, the State objects to the award of costs for both printed *and* videotaped depositions and asserts that the video deposition cost should not be awarded where video was not necessary. Dkt. 684 at 10. It also objects to the cost of depositions that were not used at trial (deposed witnesses Ferrara, Leichter, Slen, and Troy did not testify at trial). It argues the latter category represents $6,124 in awarded costs. *Id*.

Siegel similarly argues that the Court should in its discretion deny costs for several equitable reasons. She correctly contends that the Clerk was not able to and did not consider these factors in making his initial cost award. Dkt. 685 at 4 (citing her brief in opposition to costs, Dkt. 677). She argues that this case was not "ordinary" and that it would be inequitable to award costs against her. She emphasizes that the Court repeatedly acknowledged that the case was important, complex, and close, and that an award of costs would have the undesirable effect of discouraging potential plaintiffs from pursuing similar actions. Dkt. 677 at 4–6 (citing *Ass'n of Mexican-American Educators v. California,* 231 F.3d 572, 591 (9th Cir 2000)).

Siegel contends, correctly, that the State has paid NNI tens of million for NovoSeven and that even though the case was not successful, it did bring transparency to the process by which the state pays such sums for this medicine, and the scrutiny that the case brought was valuable and important. Dkt. 677 at 7. She emphasizes she survived NNI's pre-trial dispositive motions and its Rule 50 motion, that her claims were not

"without merit" and her suit provided important transparency about the marketing of drugs to Washington Medicaid patients and Medicaid's reimbursement to large drug manufacturers. *Id*. She also points out that the State had the laboring oar in the case, and sought the vast majority of the damages. She contends that assessing costs against her personally in these circumstances would be inequitable where she effectively gave up control of the case to the State once it intervened. *Id*. at 8–10.

NNI argues that because every qui tam/FCA case involves similar policy considerations, declining costs on that basis would amount to a per se rule that prevailing FCA defendants cannot recover costs. Dkt. 686 at 5. It argues that the State's claim was meritless and that it should not be rewarded for pursuing the claim when discovery showed it did not have the evidence to prevail. And it emphasizes that other states and the United States declined to intervene in the case. It attacks plaintiffs' trial strategies and its witnesses and points out that the FCA provides a prevailing party the right to recover fees (and costs), properly incentivizing meritorious cases. And it argues correctly that the State and Siegel would be jointly and severally liable for any costs, undermining her claim that she cannot afford the costs awarded. *Id*. at 5–9.

Rule 54(d) creates a presumption in favor of awarding costs to a prevailing party, but "it also vests in the district court the discretion to refuse to award costs." *Escriba v. Foster Poultry Farms*, No. 1:09-CV-1878 LJO MJS, 2012 WL 174847, at *2 (E.D. Cal. Jan. 20, 2012), *aff'd sub nom. Escriba v. Foster Poultry Farms, Inc*., 743 F.3d 1236 (9th Cir. 2014).

District courts have "wide discretion" in determining whether and to what extent prevailing parties may be awarded costs pursuant to Rule 54(d). *K–S–H Plastics, Inc. v. Carolite, Inc.,* 408 F.2d 54, 60 (9th Cir.1969); *see Assoc. of Mexican–American Educators,* 231 F.3d at 591. However, "this discretion is not unlimited. A district court must 'specify reasons' for its refusal to award costs." *Id.* (*quoting Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n,* 576 F.2d 230, 234 (9th Cir.1978)). The reasons specified must "explain why a case is not ordinary and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Id*. at 593. Implicit in the Court's discretion to deny any costs in an appropriate case is to reduce costs where similar factors suggest it should.

The Court concludes that an award of cost is appropriate, but it also agrees that it would be unfair and inappropriate to award the full amount of costs requested under the unusual circumstances of this case. The Court agrees that the WFCA does not prohibit an award of costs against the State, and that there is no per se rule against the award of costs in a qui tam or similar FCA case. It does not agree that the plaintiffs' case was without merit or that their evidence was unsubstantial. Some of the costs (duplicate or unused depositions, primarily) are not warranted, but more importantly for the reasons articulated in the plaintiffs' briefing, a downward adjustment of the cost award is appropriate under the circumstances of this unusual case.

In its discretion, the Court will deduct first the $6,124 the State correctly identified as unnecessary deposition costs. That leaves $82,512. The Court will further reduce that amount by 25%, leaving a cost award of **$61,884**.

ORDER - 4

The plaintiffs' motions to re-tax costs, Dkts. 684 and 685, are to this extent **GRANTED**. NNI's motion to strike, Dkt. 691 at 2, is **DENIED**.

 **IT IS SO ORDERED**.

Dated this 19th day of May, 2026.

BENJAMIN H. SETTLE
United States District Judge